## ORDER

Maurice Pennington pleaded guilty to possessing contraband in a federal prison, 18 U.S.C. § 1791(a)(2), and was sentenced to 33 months' imprisonment. Pennington filed a notice of appeal, but his appointed counsel now seeks to withdraw because he cannot discern a nonfrivolous basis for the appeal. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel's brief is facially adequate, and Pennington has not responded to our invitation under Circuit Rule 51(b) to comment on counsel's submission. Thus, our review is limited to those potential issues identified in counsel's brief. *See United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997).

Counsel first evaluated whether Pennington might challenge the voluntariness of his guilty plea. Counsel, though, represents that Pennington has no interest in having his guilty plea set aside, and we have held that lawyers should not raise a voluntariness claim on appeal, or even explore the question in an *Anders* submission, unless the defendant wants the plea set aside. *See United States v. Knox,* 287 F.3d 667, 671 (7th Cir.2002). Therefore, no challenge to the plea would be before us.

Counsel also evaluated the sentencing proceedings for possible error but found none. The guideline calculations were undisputed and, even though Pennington was sentenced before the Supreme Court decided *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the district court anticipated that decision and applied the sentencing guidelines as advisory. The sentence imposed

falls within the advisory range, and we agree with counsel that it would be frivolous to argue on this record that the 33-month term is unreasonable. *See United States v. Bryant,* 420 F.3d 652, 657–58 (7th Cir.2005); *United States v. Mykytiuk,* 415 F.3d 606, 608 (7th Cir.2005); *United States v. Dean,* 414 F.3d 725, 730 (7th Cir.2005).

Accordingly, counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.

**Larry STOCKS, Petitioner–Appellant,**

v.

**Joseph SCIBANA, Respondent–Appellee.**

No. 05–2344.

United States Court of Appeals, Seventh Circuit.

Submitted Sept. 28, 2005.*

Decided Sept. 28, 2005.

Larry Stocks, Oxford, WI, pro se.

---

* Appellee Joseph Scibana notified this court that he was never served with process in the district court and would not be filing a brief or otherwise participating in this appeal. After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the appellant's brief and the record. *See* Fed. R.App. P. 34(a)(2).

Before BAUER, POSNER, and EVANS, Circuit Judges.

**ORDER**

We AFFIRM the judgment for substantially the reasons stated by the district court in its thorough orders of April 6, 2005 and April 25, 2005.

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**William E. ZIEGLER, Defendant–Appellant.**

No. 04–3967.

United States Court of Appeals, Seventh Circuit.

Submitted Sept. 28, 2005.*

Decided Sept. 28, 2005.

Lesley J. Miller Lowery, Office of the United States Attorney, South Bend, IN, for Plaintiff–Appellee.

Judith E. Olingy, University of Wisconsin Law School, Madison, WI, for Defendant–Appellant.

Before BAUER, POSNER, and EVANS, Circuit Judges.

**ORDER**

William Ziegler pleaded guilty to knowingly transmitting child pornography by computer, 18 U.S.C. § 2252(a)(1), and knowingly possessing child pornography, *id.* § 2252(a)(5)(B). After the presentence investigation report was prepared, Ziegler objected to the proposed guideline sentence, citing *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and *United States v. Booker,* 375 F.3d 508 (7th Cir.2004). The district court applied the sentencing guidelines as if they were mandatory and sentenced Ziegler to 84 months' imprisonment—a term in the middle of the calculated range of 78 to 97 months.

On appeal Ziegler argues that his sentence is erroneous under *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), decided about two months after he was sentenced. As the government concedes, Ziegler is correct; the sentence is erroneous because the district court mistakenly believed that adherence to the guidelines was mandatory. *See United States v. White,* 406 F.3d 827, 835 (7th Cir.2005); *United States v. Castillo,* 406 F.3d 806, 823 (7th Cir.2005). And because he preserved the argument with his objection in the district court, Ziegler urges us to vacate his sentence, arguing that the government cannot meet its burden of demonstrating that the error was harmless. *See United States v. Schlifer,* 403 F.3d 849, 854 (7th Cir.2005); *see also*

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).